UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

DEBRA SUE HEWITT                         CIVIL ACTION NO. 6:11-cv-1530

VS.                                      SECTION P

                                         JUDGE MELANÇON
WARDEN, LAFAYETTE PARISH
CORRECTIONS CENTER                       MAGISTRATE JUDGE HANNA

REPORT AND RECOMMENDATION

*Pro se* petitioner Debra Sue Hewitt filed the instant petition for writ of *habeas corpus* on

August 19, 2011. Petitioner is a pre-trial detainee at the Lafayette Parish Corrections Center (LPCC).

She is awaiting trial on a charge of second degree murder which is pending in the Fifteenth Judicial

District Court, Lafayette Parish.  She claims that she is innocent and that her right to a speedy trial

has been violated.  She prays for reinstatement of her bond, her release from custody, the recusal of

the trial judge, and the removal of this criminal proceeding to federal court. This matter has been

referred to the undersigned for review, report, and recommendation in accordance with the

provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is

recommended that the petition be **DISMISSED.**

*Background*

        Petitioner is charged with second degree murder and is detained in the LPCC awaiting trial

in the Fifteenth Judicial District Court; her bond is set at  $300,000.  Petitioner was arrested and

charged with murder in early March 2010; her bond was originally set at $250,000. On November

29, 2010 the Court granted her motion to reduce bond to $40,000.  She posted the reduced bond and

was released on the condition that she reside at a local address she provided to the Court. Shortly thereafter, on December 7, 2010, her bond was revoked based on allegations that she violated the condition of her release by failing to remain at the address provided to the Court.  The Court re-set bond at $300,000.

On March 11, 2011, following a hearing, her motion to suppress confession and her *pro se* motions to terminate counsel and change venue were denied. [Doc. 1-1, pp. 7-9]

On March 21, 2011 the Louisiana Supreme Court denied writs of review filed by or on her behalf. *See State of Louisiana v. Debra Hewitt Schjenken*, 2011-0573 (La. 3/21/2011), 61 So.2d 646.[1]

Petitioner filed the instant petition on August 19, 2011.  Her grounds for relief are paraphrased as follows – Petitioner has been incarcerated for more than 500 days; she is disabled and in poor health. She has been deprived of her right to a speedy trial by jury. She contends that the judge and prosecutor are biased and her court-appointed attorney is providing ineffective assistance. She desires a change of venue. [Doc. 1, p. 5; p. 7; p. 8; p. 10] In an attached addendum to her pleading she alleged that the trial judge, the prosecutor, and her court-appointed attorney violated her Constitutional right to be free on bond because petitioner did not violate the conditions of her bond and the trial judge disregarded her evidence. According to this pleading, petitioner is homeless and she testified "to the best of [her] knowledge" concerning the location where she would stay

---

[1] According to the pleadings, petitioner raised the following issues in an application to the Third Circuit Court of Appeals, "I have the right to proper representation who will [represent] my best interest before the court. The judge is [biased]; D.A. is [biased] and has failed to do his job." Again, according to the pleadings, petitioner raised the following claims before the Supreme Court, "Violation of my Constitutional rights – 5, 6 and 14. I have been denied my rights in court. The judge is [biased]; D.A. is [biased] and attorney is not doing his job." [Doc. 1, pp. 2-3]

2

should the court permit her release on bond. [Doc. 1, p. 15]

Petitioner concluded her petition with the request that (1) the $40,000 bond be reinstated; (2) the trial judge be recused; (3) she be released from custody for health reasons; and (4) her criminal prosecution be "removed" to federal court. [Doc. 1, p. 16]

## LAW AND ANALYSIS

### 1. Exhaustion of State Court Remedies

Petitioner is a pre-trial detainee who is seeking federal intervention in a State court criminal prosecution pending in Louisiana's Fifteenth Judicial District Court. She alternatively requests – an order reinstating her bond at $40,000; or, her release from custody for health reasons; or, the removal of the Louisiana criminal prosecution to federal court; or an order directing the recusal of Judge Edwards, the Louisiana District Judge who is presiding over her prosecution.

Although petitioner has submitted her claims on the standardized petition provided to state prisoners seeking relief pursuant to 28 U.S.C. § 2254, the petition is properly construed as arising under 28 U.S.C. § 2241, which grants state prisoners who are in custody in violation of the Constitution or laws of the United States, the right to seek pre-trial *habeas corpus* relief in federal courts.[2]

While Section 2254 mandates exhaustion of State court remedies prior to seeking *habeas corpus* relief in the federal courts, Section 2241 has no such express statutory provision. However,

---

[2] Section 2254 is available to "... a person in custody <u>pursuant to the judgment of a State court</u>..." Since petitioner has not been convicted, she is not in custody pursuant to a state court judgment. Therefore, she must contest her continued custody through the general *habeas* statute, Section 2241. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) *citing Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) and *Robinson v. Wade*, 686 F.2d 298, 302-03, 303 n. 8 (5th Cir. 1982); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 503-504, 93 S.Ct. 1123, 1133-34, 35 L.Ed.2d 443 (1973).

3

the jurisprudence has long required that State detainees seeking relief pursuant to §2241 must first exhaust State court remedies before seeking federal intervention. *Dickerson*, 816 F.2d at 224-225; *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 489-90, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). In order to satisfy the exhaustion requirement, a State petitioner must have "fairly presented" the substance of each of her federal claims to the State courts in a "procedurally proper manner." *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001); *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Magouirk v. Phillips*, 144 F.3d 348, 360 (5th Cir. 1998) *citing Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985); *Mercadel*, 179 F.3d at 275 *citing Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983); *Deter v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). When a petitioner has raised a claim in a procedural context "in which its merits will not be considered," she has not "fairly presented" the claim to the state courts and, accordingly, has not satisfied the exhaustion doctrine. *Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989); *Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989). Moreover, each claim must be presented to the state's highest court, even when review by that court is discretionary. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Magouirk*, 144 F.3d at 360 *citing Richardson*, 762 F.2d at 431-32. In Louisiana, the highest court is the Louisiana Supreme Court. Thus, in order to properly exhaust a claim, a federal *habeas corpus* petitioner must have fairly presented the substance of her federal constitutional claims in a procedurally correct manner to the Louisiana Supreme Court.

It appears that the Louisiana Supreme Court addressed and then denied a writ application filed by the petitioner. *See State of Louisiana v. Debra Hewitt Schjenken*, 2011-0573 (La.

3/21/2011), 61 So.2d 646.  Petitioner did not provide a copy of the writ applications filed in either the Third Circuit Court of Appeals or the Louisiana Supreme Court. However, according to her pleadings, petitioner raised the following claims in her Supreme Court writ application – "Violation of my Constitutional rights – 5, 6 and 14. I have been denied my rights in court. The judge is [biased]; D.A. is [biased] and attorney is not doing his job." [Doc. 1, pp. 2-3]

Petitioner's federal *habeas corpus* claims are similar, but not identical.  Petitioner now claims that her speedy trial rights have been violated,  that she is entitled to recusal of the trial judge for bias and, that she is entitled to a change in venue. Based upon the information submitted thus far, it does not appear that petitioner has exhausted her speedy trial or change of venue claims.  Likewise, petitioner now seeks reinstatement of bond in the amount of $40,000, or, in the alternative, release based upon her health problems. These claims were not presented to the Louisiana courts in a procedurally correct manner.

In other words, it is unclear whether petitioner has fairly presented some or any of her federal *habeas corpus* claims to the Louisiana Supreme Court and therefore, her petition is subject to dismissal for that reason.

## 2. Abstention

Nevertheless, even if the claims have been properly exhausted, dismissal would be appropriate.  A federal court should abstain if the issues raised by a State pre-trial detainee in a federal *habeas* petition may be resolved either by a trial on the merits in the state court or some other state court proceedings.  *Dickerson,* 816 F.2d at 225 *citing Braden,* 410 U.S. at 489-92, 93 S.Ct. 1123 at 1126-28.  The abstention requirement is imposed to preclude "the derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court."

*Braden,* 410 U.S. at 493, 93 S.Ct. at 1129; *Dickerson,* 816 F.2d at 225-226.

The jurisprudence distinguishes a petitioner who seeks to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes" by litigating a defense to a prosecution prior to trial, from one who seeks only to enforce the state's obligation to bring her promptly to trial. *Dickerson*, 816 F.2d at 225; *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir.1976).  In *Brown*,  the Fifth Circuit  stated:

> [A]n attempt to dismiss an indictment or otherwise prevent a prosecution is of the first type, while an attempt to force the state to go to trial is of the second. While the former objective is normally not attainable through federal *habeas corpus*, the latter is, although the requirement of exhaustion of state remedies still must be met.

*Brown*, 530 F.2d at 283.

In her pleadings, petitioner asks this court not only to vacate and reverse several of the state court's pre-trial rulings, but also to assume jurisdiction over her pending Louisiana state court prosecution. She asks this Court to set bond, order her release, change venue, and recuse the trial judge. Further, she maintains that she is not guilty of the offense charged and implies that her innocence may only be vindicated by trial in Federal Court. Thus, it is clear from petitioner's allegations and prayers for relief that she seeks to "disrupt the orderly functioning of state judicial processes" in an obvious attempt to "derail" and "abort" those processes.  As previously noted, such relief is  not available by petition for federal *habeas corpus* relief pursuant to § 2241.  *See Dickerson,* 816 F.2d at 226 and 229*; Braden* and *Brown*, *supra.*

Moreover, while the Court recognized in *Braden* that federal *habeas* relief may be available prior to a judgment of conviction if "special circumstances" exist,[3]  this is not such case.   Nothing

---

[3]*Dickerson*, 816 F.2d at 227 *citing Braden*, 410 U.S. at 490, 93 S.Ct. at 1127.

thus far submitted suggests that the merits of petitioner's *habeas* claims should be considered before she has been tried.  This Court cannot be used as a "pretrial motion forum for state prisoners." *Tooten v. Shevin*, 493 F.2d 173, 177 (5th Cir. 1974) *citing Braden*, 410 U.S. at 493; *see also Dickerson*, 816 F.2d at 229.[4]

In addition, and more importantly, the petition, read liberally, does not establish that petitioner is "... in custody in violation of the Constitution or laws or treaties of the United States..." and therefore she is not entitled to relief under 28 U.S.C. §2241(c)(3).  Thus, to the extent that petitioner seeks federal court intervention in the State court proceedings pending in Louisiana's Fifteenth Judicial District Court, the pleadings and exhibits reveal no "special circumstance" to warrant federal *habeas corpus* relief nor does it appear that petitioner's present custody status violates the Constitution, laws, or treaties of the United States.   In other words, even if all available state court remedies have been exhausted, the instant petition should be dismissed for failing to state a claim for which relief may be granted.

### 3. Removal

Finally, petitioner seeks removal of the pending State court prosecution to federal court. While there is a provision allowing the removal of a state criminal prosecution, that provision applies only in cases of racial discrimination.  *See* 28 U.S.C. §1443.  Petitioner seeks removal because of alleged bias on the part of the presiding judge and the prosecutor assigned to her case. She has alleged only conclusory allegations of bias unsupported by facts. Nevertheless, even if her allegations would ultimately be proved true, such allegations would not bring the instant case within the ambit

---

[4]*See also Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) (The cost, anxiety and inconvenience of having to defend against a criminal prosecution does not constitute irreparable injury necessitating federal intervention).

of § 1443.  The rights asserted by petitioner herein are not based on federal laws stated in terms of racial equality.  *Sinclair v. State of Louisiana*, 384 F.2d 310, 310 (5th Cir. 1967); *Muhammad v. Muhammad*, 78 Fed. Appx. 942, 943-944 (5th Cir. 2003); *Cabello v. Texas*, 71 Fed. Appx. 315, 316 (5th Cir. 2003).

Indeed, as noted above, there is simply no indication that petitioner has suffered a deprivation of any constitutionally protected right.  To the contrary, the record before this court reveals scrupulous attention by the State court to protect petitioner's Constitutional rights.  Thus, removal is not available in this case and her pleadings again fail to state a claim for which relief may be granted.

### Conclusion and Recommendation

In conclusion, without demonstrating any special or exceptional circumstance, and, having failed to demonstrate the exhaustion of State court remedies, petitioner requests this Court to intervene in, and assume jurisdiction over, a pending Louisiana criminal prosecution. For the above reasons, this court should abstain from granting petitioner's requests.  As previously noted, Federal *habeas* relief should not be used as a "pre-trial motion forum for state prisoners." *Tooten,* 493 F.2d at 177 fn.19 *citing Braden,* 410 U.S. at 493.  To review petitioner's claims at this time would create just such a result.  After her State proceedings are concluded, and if petitioner is still aggrieved, federal *habeas* proceedings can be instituted by petitioner after she has exhausted state court remedies by writ, on direct appeal or by post-conviction proceedings. *Dickerson*, 816 F.2d at 229.

Therefore,

**IT IS RECOMMENDED** that the instant petition for writ of *habeas corpus* be **DISMISSED.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana this 14th day of October, 2011.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)